UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY L. McCLATCHER, | ) | Case No. 1:07 CV 0408 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (Regarding ECF # 44) |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff, Mary L. McClatcher, seeks an award of $11, 375.60 for her attorney fees and expenses under the Equal Access to Justice Act (EAJA, 28 U.S.C. §2412(c) & (d)). This matter has been referred to the undersigned for report and recommendation to be completed on or before October 31, 2008. (ECF # 49).

Magistrate Judge Hemann on February 19, 2008 ordered the reversal of the Commissioner's denial of benefits and remand of this case for reconsideration pursuant to the fourth sentence of 42 U.S.C. §405(g). Under these circumstances, plaintiff did prevail. See *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Commissioner does not challenge McClatcher's status as a prevailing party or the timeliness of the fee application. Nor does the Commissioner argue that there are special circumstances that made the award unjust. See *Marshall v. Commissioner of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). The Commissioner of Social Security requests that this court deny McClatcher's request primarily because the Commissioner's position

was substantially justified so there is no entitlement to an award of attorney fees and expenses under the EAJA.

> Analysis of the issue of substantial justification begins with the EAJA itself:
>
>> . . . Whether or not the position of the United States was substantially justified shall be determined on the basis of the record **(including the record with respect to the action or failure to act by the agency upon which the civil action is based)** which is made in the civil action for which fees and other expenses are sought.  (emphasis added).
>
> 28 U.S.C. § 24l2(d)(l)(B).

The burden of establishing that the position of the United States was substantially justified is on the agency.  See *Scarborough v. Principi*, 541 U.S. 401, 414, 124 S.Ct. 1856, 158 L.Ed. 674 (2004); *Pierce v. Underwood*, 487 U.S. 565, 567, 101 S.Ct. 2541, 101 L.Ed.2d 490 (1988). When the government can demonstrate that its case had a reasonable basis both in law and fact, no award will be made.  *Wyandotte Savings Bank v. N.L.R.B.*, 682 F.2d ll9, l20 (6th Cir. l982); *Trident Marine Const., Inc. v. District Engineer of U.S. Army Corps of Engineers*, 766 F.2d 974, 980 (6th Cir. l985); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).  "Indeed, 'Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . .'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004), quoting *Scarborough v. Principi*,  124 S.Ct. at 1866.  As expressed by the Supreme Court, "the proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d at 869, *citing Pierce v. Underwood*, 487 U.S. 565, 108 S.Ct. 2541, 101 L.Ed.2d 490, 504 (1988); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).  "To be 'substantially

justified' means . . . more than merely undeserving of sanctions for frivolousness." *Pierce*, at 565-66; *Commissioner, INS v. Jean*, 496 U.S. 154, 158 n. 6, 110 S.Ct. 2316, 110 L.Ed. 2d 134 (1990). In this analysis, the district court must examine "both the underlying and litigation position." *Delta Engineering v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994). Where the administrative law judge has engaged in selective consideration of the evidence in denying benefits, the Commissioner's decision to defend the administrative decision in court is without substantial justification. *Howard*, 376 F.3d at 554, citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995).

Magistrate Judge Hemann's opinion addressed McClatcher's five contentions finding that the decision denying disability insurance benefits was not supported by substantial evidence under four of these arguments because:

1. The ALJ erred in relying on a non-examining medical expert's opinion over the opinion of an examining and state agency psychologists;

2. The ALJ failed to provide notice required by due process;

3. The ALJ failed to consider "other sources of information" in assessing credibility;

4. The ALJ's determination was not supported by substantial evidence.

*ALJ's failure to fully and fairly develop the record:*

Magistrate Judge Hemann's opinion chastised the ALJ for not obtaining McClatcher's medical records, but concluded that this issue was moot. (Opinion at 19-21). Accordingly, the Commissioner's position that McClatcher did not prevail on this issue is correct.

*Psychological impairment:*

4

Magistrate Judge Hemann's opinion addressed McClatcher's first and third prevailing arguments under her analysis of psychological impairment. McClatcher argued that she had "severe" mental impairment due to depression, an "affective disorder" defined under §12.04 of the Listing of Impairments of Appendix 1. The Commissioner's regulatory scheme requires that analysis of the severity of mental impairments falling within Chapter 12.00 of the Listing of Impairments must follow 20 C.F.R. §404.1520a, meaning that the degree of functional limitation must be assessed in accordance with the prescribed psychiatric review technique (PRT). See 20 C.F.R. §404.1520a(c)(3)( incorporating assessment of severity as described under §12.00C of the Listing of Impairments of Appendix 1); and see 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00C. The procedure is to rate "four broad functional areas" of activities of daily living, social functioning, concentration, persistence and pace, and episodes of decompensation. See 20 C.F.R. §404.1520a(c)(3); §416.920a(c)(3). The first three functional areas are rated on the five point scale of "none," "mild," "moderate," "marked," and "extreme." See §404.1520a(c)(4); §416.920a(c)(4). The last area, deterioration or decompensation is rated on the four-point scale of "none," "one or two," or "three, four or more." *Id.* Section 404.1520a(c)(4) instructs that ratings of none or mild in the first three functional areas and none in the last functional area indicate non-severe impairment. In all other instances, the ALJ must assess whether a "severe" mental impairment meets or equals a listed impairment, and then, if not, assess residual functional capacity and the ability to perform substantial gainful activity. See §404.1520a(d)(2)&(3); §416.920a(d)(2)&(3).

The ALJ 's rationale to justify a finding of no severe impairment was in part not substantially justified. The ALJ found that McClatcher's depression was not a severe impairment

5

based on the testimony of a medical adviser, who rejected the opinions of Dr. Felker, a state agency consultative psychologist, and a non-examining state agency psychologist that there was moderate restriction in McClatcher's ability to maintain attention and concentration for extended periods. Dr. Felker concluded that McClatcher suffered from a depressive disorder which caused mild to moderate restriction in ability to concentrate and attend to tasks and moderate restriction in understanding and following instructions and carrying out routine tasks (Tr. 337). The state agency reviewing psychologist rated McClatcher as having mild restrictions except for moderate restriction in the area of difficulties in maintaining concentration persistence and pace (Tr. 349), and concluded that this would moderately affect ability to maintain attention and concentration for extended periods (Tr. 353). Dr. Brooks, one of the medical advisers who testified at the administrative hearing, briefly addressed mental impairment stating, "Her cognitive functions were not severely restricted by that so we only have evidence of a mild form of depression." (Tr. 431).

The ALJ attacked Dr. Felker's conclusion that McClatcher had moderate restriction in understanding and following instructions and carrying out routine tasks referring to the "Function Report" completed by McClatcher in which she marked she had ability to follow both spoken and written instructions, and that she could pay bills, count change, handle a savings account and use a checkbook (Tr. 18, 327, 329). That conclusion by the ALJ was certainly reasonable.

The error occurred in addressing the alleged memory and concentration restrictions. In the "Function Report" McClatcher indicated that she *needed* special help or reminders to take care of personal needs and grooming and that she needed no reminder to take her medication because, "My

6

pain is a constant reminder." (Tr. 325). The ALJ turned this around to erroneously state McClatcher reported in the "Function Report" that she needed no reminders to take care of her personal needs or grooming or to take her medications (Tr. 18). Misconstruction of the record was not substantial justification for finding McClatcher's depression was not "severe." Obviously, there was no reasonable basis both in law and fact for this aspect of the ALJ's decision.

*Lack of Notice-Due process violation:*

This issue arose from McClatcher's contention that some sort of administrative *res judicata* persists from the initial and reconsidered agency findings. On initial consideration McClatcher received a reasoned written explanation stating that the evidence demonstrated that she could perform medium exertion and although her impairments prevented her from performing her past work, they did not prevent her from doing other work (Tr. 42). On reconsideration, the administrative decision explicitly stated, "We realize that your condition prevents you from doing your past relevant work." (Tr. 37). The ALJ, on the other hand, concluded that McClatcher could in fact perform her past relevant work as a clerk and receptionist (Tr. 23). At the commencement of the hearing the ALJ announced, " that whatever decision has been made in her case prior to today should have, and will have no bearing in my decision. You understand that?" (Tr. 415). Counsel for plaintiff acknowledged that he understood. (*Id.*).

McClatcher's argument is premised upon 20 C.F.R. §404. 946:

**404.946 Issues before an administrative law judge**.

(a) General. The issues before the administrative law judge include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in your favor. However, if evidence presented before or during the hearing causes the administrative law judge to question a fully favorable determination, he or she will notify you and will consider it an issue at the hearing.

(b) New issues–

(1) General. The administrative law judge may consider a new issue at the hearing if he or she notifies you and all the parties about the new issue any time after receiving the hearing request and before mailing notice of the hearing decision. The administrative law judge or any party may raise a new issue; an issue may be raised even though it arose after the request for a hearing and even though it has not been considered in an initial or reconsidered determination. However, it may not be raised if it involves a claim that is within the jurisdiction of a State agency under a Federal-State agreement concerning the determination of disability.

(2) Notice of a new issue. The administrative law judge shall notify you and any other party if he or she will consider any new issue. Notice of the time and place of the hearing on any new issues will be given in the manner described in § 404.938, unless you have indicated in writing that you do not wish to receive the notice.

McClatcher reads the foregoing sections as mandating pre-hearing notice that the ALJ would be reconsidering the "fully favorable" decision that McClatcher could not perform her past relevant work. The flaw in this logic first is that the regulations remove administrative *res judicata* in McClatcher's situation by providing "[t]he reconsidered determination is binding unless - you or any other party to the reconsideration requests a hearing before an administrative law judge. . . " 20 C. F. R. §404.921. See *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir. 1987); 20 C.F.R. §404.957(c) ("The doctrine of *res judicata* applies. . . . [when] You did not request a hearing. . .").

8

Granted, Magistrate Judge Hemann did find a lack of notice and a lack of due process. However, the Commissioner's position on this point was substantially justified. First, there is no requirement for pre-hearing notice when the same set of issues is once again before the ALJ. At issue in the initial and reconsidered decisions and in the ALJ's decision was whether McClatcher could perform her past relevant work. The initial and reconsidered decisions found McClatcher could not perform her past relevant work, but then the ALJ found differently. There was no "new" issue, in any event. See *Smith v. Barnhart*, 222 F. Supp.2d 78 81-82, 82 Soc. Sec. Rep. Serv. 156 9 (D. Me. 2002). Second, 20 C.F.R. §404.946(a) reads that the notice that the ALJ must provide when questioning a fully favorable determination occurs "at the hearing." See *McCarthy v. Apfel*. 221 F.3d 1119, 1126-27 (9th Cir. 2000); *Kolka v. Chater*, 70 F.3d 1279, 1995 WL 713218 at *1 (Table 9th Cir.); *Dioguardi v. Commissioner of Social Sec.,* 445F.Supp.2d 288,291 (W.D.N.Y.,2006). The ALJ notified McClatcher at the commencement of the hearing that all issues from the prior decision would have no bearing on the ALJ's resolution of the issues, and that notice was acknowledged. Third, McClatcher never received a "fully favorable determination" in initial or reconsidered determinations. See 20 C.F.R.§§ 906(a) and (b)(3). Accordingly, there was substantial justification for the Commissioner's litigation stance despite McClatcher's questionable argument based on a HALLEX provision, and there was no  no clear error by the ALJ under the Code of Federal Regulations.

*Lack of substantial evidence:*

The ALJ noted the residual functional capacity assessments from state agency physicians and the evidence of right shoulder injury in concluding that McClatcher could perform light work with no overhead reaching(Tr. 19-23).  Judge Hemann took the Commissioner to task for arguing that the ALJ relied on the testimony from a medical advisor since the advisor was only asked about lifting capabilities and the advisor testified that McClatcher should not lift 20 lbs. above her waist.(Tr. 425-26) (Opinion pg. 22-23). However, the medical advisor did testify that on account of right shoulder problems there should be no lifting of McClatcher's "arms" above shoulder level (Tr. 425).  The testimony concerning a limit to lifting to waist level is the medical advisor's opinion on "right arm alone." (Tr. 426). Accordingly, the Commissioner's decision and litigation stance were substantially justified on this point.

Magistrate Judge Hemann next criticizes the ALJ for not addressing opinions from Dr Bhaiji and Dr. Vasiloff that McClatcher had difficultly handling objects, and walking, and could only occasionally climb, balance, kneel, crouch, crawl and stoop and was limited in the use of her right arm beyond limitations on the ability to lift and carry.(Opinion pg.23).  McClatcher had argued that the ALJ misconstrued Dr. Bhaiji's consultative examination results to conclude that doctor supported the ALJ's finding of light work capability. The ALJ considered this doctor's consultative examination reports from 2002 and 2005. (See Tr. 19-20,282-290, 380-405). In 2002 McClatcher complained that her right shoulder was injured and it caused pain when lifting over her head of when she used her arms repeatedly. (Tr. 284). This 2002 report was followed by a residual functional capacity assessment from state agency physicians which was consistent with medium work with

manipulative restrictions on use of the right arm. (Tr. 293, 295). However, in 2005 Dr. Bhaiji found that McClatcher may have difficulty walking, lifting, carrying and handling (Tr. 385). This doctor prepared a residual functional capacity assessment dated August 29, 2005 stating McClatcher could lift/carry 10 lbs. *occasionally* and 20 lbs. *frequently*, and could remain on her feet only 2 hours of a workday and had manipulative restrictions with the right arm. (Tr. 402, 404). Light work as defined by administrative ruling requires the ability to be on one's feet approximately six hours of an eight hour work day (See SSR 83-10). The ALJ mischaracterized this opinion as supporting a light work finding (Tr. 20).

Magistrate Judge Hemann also relied on the residual functional capacity assessment from a non-examining state agency physician Dr. Vasiloff (Tr. 358-365). Dr. Vasiloff's assessment was consistent with a partial range of light work restricted to no push/pulling with the right upper extremity and no overhead reaching due to degenerative joint disease of the right shoulder from x-rays and range of motion study. (Tr. 359-61). Dr. Vasiloff, though, added restrictions of reduced handling and fingering with the right arm, which the ALJ did not include and did not explain any reason for exclusion of these restrictions. (Tr. 361). The Commissioner counters that the ALJ's determination was supported by the medical advisor and the state agency reviewing decisions. Obviously, the ALJ's determination was not supported by at least one of those state agency reviewing physicians since Dr. Vasiloff's opinion was among them. Also the opinion of the medical advisor did not support the ALJ since he was asked by the ALJ only to consider lifting and carrying. (Tr. 425-26). Accordingly, the ALJ's decision on this point was not substantially justified nor is the Commissioner's ligation position substantially justified.

11

*Calculation of Amount of Attorney Fees under the EAJA:*

The Commissioner's fallback argument is that McClatcher's request for fees based on 69 hours is excessive and does not reflect billing judgment. The Commissioner citing *Hayes v. Secretary of Health & Human Servs*. argues the average number of hour ranges from 30 to 40 hours. *Id.*, 923 F.2d 418, 420 (6th Cir. 1990). However, the Commissioner omits that this case was extraordinary because of the quantity of missing records. Several months were expended in argument concerning missing portions of the file including Exhibit C, upon which the ALJ based his reasoning (Tr. 20-21). Also, McClatcher expended hours gathering medical records such as those referenced in McClatcher's hearing request (Tr. 150-51), because no administrative effort was made to obtain these more recent medical records or to even contact those physicians with a standard medical questionnaire. [1] The ALJ failed in his duty to develop the record by disregarding medical reports concerning treatment of carpal tunnel syndrome which would support McClatcher's alleged pain, and by rejecting the severity of her allegations as unsupported by the (*undeveloped*) record and "subjective" pain in the right hand. (See Tr. 19). Compare *Bass v. McMahon*, 499 F.3d 506, 514 (6th Cir.2007)("The ALJ did, however, question Mr. Bass extensively about his symptoms and abilities, and there was plenty of objective medical evidence in the record, none of which conflicted."). Although Judge Hemann dealt with this issue as moot, it was truly egregious.

---

[1] ". . . We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."

20 C.F.R. § 404.1529(c)(2).

12

## *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons, it is recommended that McClatcher's for payment of attorney fees pursuant to the Equal Access to Justice Act be granted in full and pursuant to assignment (ECF #45) that this fee in the amount of $11, 375.60 be paid directly to counsel Paulette F. Balin.

                                                s/James S. Gallas
                                      United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 9, 2008